

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-216-CR

JASON ALAN SWITZER                                                      APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In one point, appellant Jason Alan Switzer appeals his conviction for Assault Bodily Injury–Family Member, arguing that the evidence was factually insufficient to support his conviction. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At Switzer's trial, the State provided evidence of the assault through the testimony of two police officers, Switzer's wife Caroline Switzer, and the Switzers' next-door neighbor Mark Stelmas.

Stelmas testified that Caroline had shown up at his house one night, hysterical and in fear of her husband. Switzer followed her to Stelma's house, and Caroline left with Switzer. Shortly thereafter, the Switzers' six-year-old daughter C.S. ran to Stelmas's house and asked for help because "her father was strangling her mother."[2] Stelmas called 911.

Officer Thomas Shelton testified that he had responded to the dispatch call. When he arrived at the Switzers' house, C.S. told him that she had run next door to the neighbor's house because her "daddy was hitting her mommy again."[3] Officer Angelina Guerra-Torres testified that she was also dispatched to the Switzers's house and that Caroline had told her that Switzer pushed her, causing her to fall to the ground.[4] Both officers testified that Caroline had a large knot on her forehead, and photographs of her head taken that day were entered into evidence at trial.

---

[2] ... Switzer objected to hearsay, the State responded that the child's statement was an excited utterance, and the trial court overruled Switzer's objection.

[3] ... This testimony was admitted over Switzer's hearsay objection.

[4] ... This testimony was also admitted over Switzer's hearsay objection.

Switzer called both Caroline and C.S. to testify on his behalf. Caroline testified that Switzer had not assaulted her but that she had slipped and fallen, hitting her head on a cabinet. Caroline denied telling the officers that her husband had pushed her down and testified that she did not want the case to be prosecuted. C.S. also denied that Switzer had hit Caroline.

After hearing the evidence, the jury found Switzer guilty. The trial court sentenced him to one year's confinement, probated for two years. This appeal ensued.

### III. FACTUAL SUFFICIENCY

In his sole point, Switzer argues that the evidence was factually insufficient because the only evidence supporting the verdict consisted of hearsay statements by Caroline and C.S. that were contradicted by their in-court testimony.

### A. Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204

3

S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Watson*, 204 S.W.3d at 417. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id.* We may not simply substitute our judgment for the factfinder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation

4

of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Our deference in this regard safeguards the defendant's right to a trial by jury. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

## B. Evidence was Factually Sufficient

Here, the issue is one of credibility. The State and Switzer provided conflicting witness testimony. The two police officers and the Switzers' neighbor testified to statements made by Caroline and C.S. showing that the assault had occurred. Caroline, C.S., and Switzer testified that the assault did not occur.

But the jury decided to believe the State's witnesses over Switzer's witnesses, and we must give deference to the jury's determination of credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Johnson*, 23 S.W.3d at 8–9; *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (holding that contradictions in the evidence are reconciled by the jury and will not result in reversal so long as there is enough credible testimony to support the verdict). The jury's decision was not manifestly unjust merely because it resolved conflicting views of the evidence in favor of the State, and as an appellate court, we may not find the evidence to be

5

factually insufficient merely because there are "reasonably equal competing theories of causation.". *See Cain*, 958 S.W.2d at 410; *Steadman*, 280 S.W.3d at 247.

Viewing the evidence in a neutral light, we find no objective basis for holding that the jury's verdict was clearly wrong or manifestly unjust or that it was contradicted by the great weight and preponderance of the evidence. *See Steadman*, 280 S.W.3d at 246; *Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Rather, the evidence presented at trial was sufficient to support the jury's verdict, and no contrary evidence exists that would render the evidence factually insufficient under the applicable standard of review. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, we overrule Switzer's sole point.

## VI. CONCLUSION

Having overruled Switzer's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 5, 2010